# EXHIBIT E

Kazuo Okada
Ariake Frontier Building Tower A
Tokyo, Tokyo 135-0063
Japan

6 February 2013

Kim Sinatra, Esq.
Wynn Resorts, Limited
3131 Las Vegas Blvd. South
Las Vegas, NV 89109

Dear Ms. Sinatra:

    I write regarding your letter of January 31, 2013 indicating that the proposals I made as a Director of Wynn Resorts, Limited ("Wynn Resorts") in my January 24, 2013 letter will be on the agenda at the Board's "upcoming meetings of the Company's Compliance and Executive Committees," and then claiming that the Cotai Documents I presented to the Board are somehow "confidential" documents that should be concealed from our shareholders and the public.

    At the outset, your letter does not directly address my demand that the Company's Board of Directors seriously consider the implications of the Cotai Documents and appoint an independent investigator to examine the Company's dealings in Macau. Rather than addressing my demands, your letter proposes that narrowly-drawn committees of the Board excluding me, and filled with long-time loyalists of Mr. Wynn, consider these issues at an uncertain date in the future. That is not a response; it is a plan to delay and whitewash.

    If the Company intends to sincerely consider my demands at meetings of the Compliance and Executive Committees at some future date, then I must be allowed to attend and participate in those meetings. Mr. Wynn must also attend, and submit to questioning by Directors, including me, regarding the Cotai Agreements. Among other things, I would like to know why I first saw such agreements years after investing hundreds of millions of dollars to found this Company. As Directors of Wynn Resorts, we owe a duty to the Company to investigate potential wrongdoing by Mr. Wynn, as I explained in my previous letter to the Board.

    With respect to your claim that the Cotai Agreements are somehow confidential, I direct you to the letter from my attorneys to Robert Spinelli dated February 1, 2013. The Cotai Agreements are not marked confidential. They include no confidentiality provisions whatsoever. They have been reported in the *Wall Street Journal*. And they concern past transactions, completed years ago, related to matters of public interest. In short, there is no basis to claim they

Kim Sinatra, Esq.
6 February 2013
Page 2

are confidential. Simply because Mr. Wynn has attempted to conceal them from the Board and shareholders does not mean he had any legitimate basis for doing so.

    I look forward to your positive response to this proposal, and request that you please advise immediately as to the time, date and location of the Compliance and Executive Committee meetings where my proposals will be considered.

                                  Sincerely yours,

                                  Kazuo Okada

cc:    Stephen A. Wynn
        John J. Hagenbuch
        Dr. Ray R. Irani
        Robert J. Miller
        Kazuo Okada
        J. Edward Virtue
        Alvin V. Shoemaker
        D. Boone Wayson
        Elaine P. Wynn